**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2011

No. 10-10434
Summary Calendar

Lyle W. Cayce
Clerk

LESTER JON RUSTON,

Plaintiff-Appellant

v.

DALLAS COUNTY TEXAS; JAMES K. ELLIS; A. JOE FISH; JAMES K. WOLFSON,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1076

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lester Jon Ruston, federal civil detainee # 26834-177, filed suit against certain federal officials asserting claims for personal injury. That case was dismissed. He has now filed a motion for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his petition for writ of error coram nobis. He has also filed numerous other motions in this appeal, including, in part, a motion to disqualify all the judges of this court for what he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

characterizes as a conspiracy to suppress his civil rights.  Throughout, Ruston has been committed to the custody of the Attorney General under 18 U.S.C. § 4243.  *See United States v. Ruston*, 565 F.3d 892, 894 (5th Cir. 2009).

By moving to proceed IFP, Ruston is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Here, Ruston merely reasserts the arguments that he raised in the district court and has not identified any error in the district court's determination that he is not entitled to coram nobis relief because he was not convicted of a federal offense.  Ruston has also failed to identify any error in the district court's determination that the appeal was not taken in good faith and would be frivolous.  When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Ruston's IFP motion is not directed at the district court's reasons for its certification decision, he has not shown that his appeal is not frivolous and taken in good faith.  *See Baugh*, 117 F.3d at 202; *see also Howard v. King*, 707 F.2d, 215, 220-21 (noting that although a pro se litigant is entitled to due consideration of his arguments, that "does not mean that the court is obligated to tolerate abuse of its open door"); 5TH CIR. R. 42.2.   Ruston's motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED.  All of Ruston's remaining motions, which are also frivolous and repetitive of numerous motions he has made in the past, are DENIED.  *See, e.g.,  In re Ruston*, 10-10638 (5th Cir. Oct. 6, 2010) (order barring Ruston from engaging in further repetitive frivolous litigation).

We remind Ruston that he may not file in this court any pro se initial pleading, including a petition for mandamus relief, or any pro se appeal from a district court order without first receiving the written permission of an active judge of this court.  Thus, before filing any pro se appeal or other pro se action in this court, Ruston must submit to the clerk of this court a request for

No. 10-10434

permission to file, which the clerk shall direct to an active judge of the court.  In requesting the required permission, Ruston shall inform the court of the bar stated in *In re Ruston*, No. 10-10509 (5th Cir. Oct. 5, 2010), and *In re Ruston*, 10-10638 (5th Cir. Oct. 6, 2010).  The bar does not apply to pleadings filed by counsel on Ruston's behalf.